IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY VALESTINE | : | |
| MILLER TURNER, | : | |
|     *Plaintiff*, | : | |
| | : | CIVIL ACTION |
|     v. | : | NO. 16-3886 |
| TERRY SHIREY, et al., | : | |
|     *Defendants*. | : | |

**Jones, II     J.**                                                                                                                                                                                                                          **May 1, 2017**

## **MEMORANDUM**

Plaintiff Mary Turner believes Terrance Shirey and Jonathan Williams ("Defendants") are involved in a fraudulent scheme to prevent her from receiving a payment of $11.7 million from various governmental agencies. Compl. 3-5, ECF No. 3. According to Defendants, however, Turner may have been the unwitting victim in a variation of the so-called "Nigerian or advanced fee, 419 scam."[1] *See* Defs. Br. 1, 3 n.4, ECF No. 5-1.

Turner alleges she received correspondence from James Dudley, the purported Executive Director of the World Bank, indicating that she is entitled to "inheritance claims" of $11.7 million pursuant to documentation issued by the "United States Department of Justice, The United States Treasury Department [*sic*] and the Offices of the United Nations and Homeland Security." Compl. 3-4,10. In order to receive full payment, she was "directed by the United Nations to pay $750 for Fund Transfer Fees" directly into the bank account of Manuel Romero at Nevada State Bank (NSB). *Id*. at 3. Turner complied and transferred $750 – in two separate installments of $375 each – to Romero's account. *Id*. at 4, 12. After paying the advanced fee,

---

[1] *E.g., United States v. Dupre*, 462 F.3d 131, 135 (2d Cir. 2006) ("Perhaps most notorious as an e-mail scam often emanating from West Africa, 'advance fee fraud' (sometimes called '419 fraud' for the relevant provision of Nigeria law) involves a claim that a large sum of money has been 'frozen' or otherwise tied up by bureaucrats or bankers. The perpetrator asks victims to contribute money to fund the legal maneuvering, bank fees, or bribery necessary to release the money, and victims are promised spectacular returns on their investments once the money is released.").

she received a wire transfer slip, allegedly from NSB, indicating that a "hold" had been placed on the release of the $11.7 million. *Id*. at 4, 13.

Turner faxed copies of those documents to NSB's Central Wire Department on April 28 and May 2, 2016. *Id*. She spoke with "a representative of the Bank" who told her that "the Wire slip [*sic*] from Nevada State Bank was fraudulent and to contact her bank." *Id*. The Complaint lacks any allegations regarding Shirey, but it does state that Turner spoke with "Jon Williams, Nevada State Bank's Supervisor of Central Wires" without success. *Id*. at 4, 5.

Turner commenced this *pro se* action against Dudley, Romero, Shirey, and Williams. *Id*. at 1. Plaintiff claims she is entitled to the $11.7 million, plus a penalty of up to ten percent of that amount for having endured "undue anxiety and stress resulting from fear of not receiving that which she is properly entitled [*sic*]." *Id*. at 5. In the alternative, she requests that this Court "penalize this bank and World Bank in the amount of 20% of the wire for receiving payment and issuing false documents with the intent to defraud [her]." *Id*. at 5. Plaintiff, however, has not explicitly named NSB or the World Bank as party defendants. *See id*. at 1. In support of her Complaint, Plaintiff filed copies of the documents she received. *See id*. at 7-13.

Only Defendants Shirey and Williams have appeared. They moved to dismiss the claims against them for improper service pursuant to Federal Rule 12(b)(5), lack of personal jurisdiction pursuant to Federal Rule 12(b)(2), and failure to state a claim pursuant to Federal Rule 12(b)(6). This Court now resolves their motion.

### DISCUSSION

Defendants' motion to dismiss is granted for improper service and lack of personal jurisdiction. Furthermore, because this Court lacks subject matter jurisdiction, the Complaint is dismissed in its entirety.

**I.      Service on Shirey and Williams Was Improper**

Proper service of process is a pre-requisite to the Court's personal jurisdiction over a defendant and must, therefore, be decided at the onset of a case. *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991). "[T]he party asserting the validity of service bears the burden of proof on that issue," *Grand Entm't Group v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993), and may use "affidavits, depositions, and oral testimony" to prove effective service by a preponderance of the evidence, *State Farm Mut. Auto. Ins. Co. v. Tz'doko V'Chesed of Klausenberg,* 543 F.Supp.2d 424, 428 (E.D. Pa. 2008).

Plaintiff has failed to prove that she served Williams or Shirey in accordance with Federal Rule 4(e), which provides that domestic service on individuals must be made by:

> "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Fed. R. Civ. P. 4(e). Plaintiff did not use any of these methods to serve Defendants. The only affidavit and proof of service Plaintiff has filed indicates that a copy of the summons and Complaint was served on Anne Jesson, an authorized agent of NSB, in Salt Lake City, Utah. *See* ECF No. 4 at 1-2. Defendants attest that they have not been personally served; rather, they learned of this lawsuit from their employer, Zion Bank. Williams Decl. ¶¶ 5-6, ECF No. 5-3; Shirey Decl. ¶ 5, ECF No. 5-6. NSB is a division of Zion Bank. Shirey Decl. ¶ 2. There is no indication Defendants designated anyone at Zion Bank as their agents for service of process. Service on Shirey's and Williams' employer is therefore insufficient to sue them personally. *See*

*Walsh v. SmithKline Beckman*, No. 89-cv-5833, 1990 WL 149208, at *1 (E.D. Pa. Oct. 2, 1990); *Lagana v. Kmart Corp.*, 1998 U.S. Dist. LEXIS 9640 *10 (E.D. Pa. June 19, 1998).[2]

  Plaintiff claims she is attempting to sue Shirey and Williams as employees of NSB (or Zion Bank). Pl.'s Br. 2, ECF No. 6. Because Plaintiff is a *pro se* litigant, her pleadings are entitled to liberal construction and she is allowed some latitude "when applying procedural rules." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim," and "they still must serve process on the correct defendants." *Id*. at 245 (internal citations omitted). Based on a liberal reading of the Complaint, Plaintiff may actually be trying to sue NSB/Zion Bank and may have attempted to serve the bank by sending copies of the summons and Complaint to the bank's headquarters. *See* Compl. 5, ECF No. 3 ("The Plaintiff seeks assistance of this Honorable Court to order *Defendant, the Nevada State Bank*, to release the property of the Plaintiff immediately.") (emphasis added). Plaintiff did not include NSB or Zion Bank as party defendants, however, and the Clerk of Court never issued summonses as to them. *See* ECF 08/25/16 Entry. Service on NSB/Zion was therefore also ineffective. *See Daoud v. City of Wilmington*, 894 F. Supp. 2d 544, 551 (D. Del. 2012) (*pro se* plaintiff's attempt to serve employee at place of employment was insufficient service on employer, even if it led to knowledge of the suit, because employee was not an authorized agent for service of process). "At the end of the day, [*pro se* plaintiffs] cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." *Mala*,

---

[2] Service is also improper under Pennsylvania Rule of Civil Procedure 402, which states that "original process may be served by (1) handing a copy to the defendant; or (2) by handing a copy (i) at the residence of the defendant to an adult member of the family with whom he resides, (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house, or other place of lodging at which he resides; or (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa. Code. R. 402. Service at "any office or usual place of business" does not include a place where the defendant is "merely an employee." *Johnson-Lloyd v. Vocational Rehab. Office, Pennsylvania Dep't of Labor & Indus.*, 813 F. Supp. 1120, 1125 (E.D. Pa. 1993).

704 F.3d at 245 (citing to *McNeil v. United States,* 508 U.S. 106, 113 (1993)). Plaintiff has not met her burden of proving effective service on Shirey or Williams or any other party defendant.[3]

"Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." *Daoud*, 894 F.Supp.2d at 522 (quoting *Umbenhauer v. Woog,* 969 F.2d 25, 30 (3d. Cir. 1992)). "Dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Id*. at 551-52 (citations omitted). Of relevance here, Federal Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Leave to attempt service again on Shirey and Williams would be futile, however, because Plaintiff cannot establish personal jurisdiction over either of them. *Cf. Nayak v. C.G.A. Law Firm*, 620 Fed. App'x 90, 91 (3d Cir. 2015) (affirming dismissal of *pro se* plaintiffs' complaint under Rule 12(b)(5), because another attempt at service would have been futile given the complaint's failure to state a claim).

## II.     Plaintiff Cannot Establish Personal Jurisdiction over Shirey and Williams

In deciding a motion to dismiss for lack of personal jurisdiction, the court is required to accept as true all allegations contained in the complaint and view all factual disputes in the plaintiff's favor. *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing to

---

[3] Plaintiff has not filed any proof of service with respect to Romero or Dudley. In fact, the affidavit of service she filed states that service on Dudley at the World Bank in Washington, D.C., was unsuccessful. ECF No. 4 at 3. Security personnel told the process server that "no James Dudley exists at the World Bank and that they are looking into a possible fraud case regarding someone posing as that individual." *Id*. Likewise, attempts to serve Romero failed. *Id*. at 4. The address provided for Romero coincides with NSB's address in Las Vegas, Nevada, but service was refused there because "Romero is not an employee for Nevada State Bank." *Id*.

*Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d. Cir. 2004)). The scope of the court's review is not limited to the face of the complaint, but may include "affidavits or other competent evidence" submitted by the parties. *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d. Cir. 1990) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984)).

Pennsylvania's long-arm statute authorizes "jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment." *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino,* 960 F.2d 1217, 1221 (3d Cir. 1992). "[I]t is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting business within the forum State, thus invoking the benefits and protections of its laws." *Id*. The plaintiff carries the burden of establishing "with reasonable particularity sufficient contacts between the defendant and the forum state" to satisfy specific or general jurisdiction. *Id.* at 1223.

Plaintiff has not met her burden. She does not allege any contacts between Defendants and Pennsylvania (she does not even mention Shirey in the Complaint other than to name him as a defendant). Nor has she supplied any evidence or even alleged that Defendants sent any of the correspondence that resulted in the supposed fraud. Plaintiff merely suggests, in her response to the motion, that "Defendants were aware of the matter and was [*sic*] participating in defrauding her of the money." Pl.'s Br. 2. Conclusory allegations, even if found in the Complaint, are insufficient to subject Defendants to jurisdiction here. *See Zecco v. Solaris Hotel & Resorts, Inc.*, 820 F. Supp. 962, 963 (E.D. Pa. 1993) (Robreno, J.) ("The mere fact that plaintiff's complaint contains conclusory allegations in support of personal jurisdiction is not sufficient to defeat defendant's [12(b)(2)] motion," citing to *Time Share,* 735 F.2d at 66, n.9 (3d Cir.1984)).

Furthermore, Defendants submitted affidavits declaring they have no contacts with this forum, declarations that remain unrebutted. Williams lives and works in Las Vegas, Nevada, and has never visited Pennsylvania or had any personal or business dealings of any kind in the Commonwealth. Williams Decl. ¶ 4. Likewise, Shirey lives and works in Phoenix, Arizona, and, at most, only visited Pennsylvania once while in high school. Shirey Decl. ¶ 4. Even though Defendants admit they received faxes and/or calls from Plaintiff, those communications alone are irrelevant for purposes of establishing jurisdiction. *See Verotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co.*, 75 F.3d 147, 152 (3d Cir. Pa. 1996) (neither answering a telephone call nor sending or receiving a fax subjects a defendant to personal jurisdiction).

Because Plaintiff has failed to serve Defendants effectively or show they have any relevant contacts with this forum, Defendants' motion to dismiss is granted under Rules 12(b)(2) and 12(b)(5). Absent personal jurisdiction, this Court lacks the power to resolve the 12(b)(6) motion. *See Lampe*, 952 F.2d at 700-01. Suffice it to say, the Complaint is unlikely to overcome Federal Rule 9(b)'s heightened pleading standard for claims involving fraud. *See Jimena v. UBS AG Bank, Inc.*, No. 07-cv-00367, 2007 WL 1687045, at *6 (E.D. Cal. June 8, 2007) (dismissing *pro se* plaintiff's claims involving "a variant on the 'Nigerian advance fee scam'" for failure to satisfy Rule 9(b), and the related emotional distress claim as insufficiently pleaded); *Zhu v. First Atl. Bank*, No. 05-cv-96, 2005 WL 2757536, at *6 (S.D.N.Y. Oct. 25, 2005) (dismissing *pro se* complaint involving "419 advance fee scam" for insufficiency under Rule 9(b)).

## III. This Court Lacks Subject Matter Jurisdiction

Given Plaintiff's *pro se* status, this Court raises *sua sponte* the issue of subject matter jurisdiction and, finding no basis to support federal jurisdiction, dismisses the Complaint in its entirety. *See Zhu*, 2005 WL 2757536, at *6. In *Zhu*, a *pro se* plaintiff attempted to sue domestic

7

and foreign banks, under federal and state law, for their alleged participation "in a scheme to defraud her." *Id*. at *1. There, the plaintiff was contacted via phone and e-mail by a man who claimed to be a Nigerian lawyer, "stating that plaintiff's deceased relatives had left plaintiff large sums of money in a Nigerian bank account." *Id*. To obtain the inheritance, the plaintiff was directed to send "an advance fee of $10,000 to pay the statutory tax due." *Id*. The plaintiff complied and, after paying a $15 wire charge, transferred the $10,000 from her local bank to an account at Citibank, N.A. Of course, "[t]hese entreaties were a ruse," the Nigerian lawyer's "identity [was] fictitious and plaintiff was not in fact entitled to any inheritance." *Id*.

The next day, the plaintiff's local bank called to warn her that the wire transfer may have been illegally induced, and "requested her permission to recall the wire transfer, which she granted." *Id*. Because of various banking rules, the receiving bank was not able to reverse the transfer. Acknowledging she had been the victim of a "419 advance fee scam," the plaintiff sued Citibank and other banks involved in the wire transfer to recover the $10,015 she had lost plus additional damages exceeding $75,000, as required to sustain diversity jurisdiction. *Id*. at *1, *6.

The court dismissed the federal claims and declined to exercise supplementary jurisdiction over the state claims. Because "the facts pled [did] not support an underlying claim in excess of $10,015, the actual amount that plaintiff assert[ed] she lost," the court concluded with "legal certainty that the claim [was] really for less than the jurisdictional amount." *Id*. at *6.

Similarly, Plaintiff brings this case on the basis of diversity jurisdiction; she asserts no federal claims. Plaintiff also concedes, albeit in the alternative, that she may have been the victim of a scam. *See* Compl. at 5. Because the documents Plaintiff filed in support of her $11.7 million claim are forgeries on their face, she cannot credibly expect to recover more than the

8

$750 she allegedly wired to the bank account at NSB plus any transfer fees.[4] *See McCollum v. State Farm Ins. Co.*, 376 F. App'x 217, 220 (3d Cir. 2010) (a court need only accept "the plaintiff's good faith allegations" in deciding the jurisdictional amount). Even if, as Plaintiff claims, she were entitled to that amount plus twenty percent in punitive damages, this Court concludes with "legal certainty" that Plaintiff's realistic claims do not exceed $75,000. *See id.* ("A case may be dismissed for failure to meet the amount in controversy requirement only if it appears to a 'legal certainty' that the claim is for less than the jurisdictional amount."). Unfortunately for Tuner, federal court is not the proper forum for her claims.

## CONCLUSION

Defendants' motion is granted for improper service and lack of personal jurisdiction, and the Complaint is dismissed in its entirety for lack of subject matter jurisdiction.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. Darnell Jones, II    J.

---

[4] The documents, purportedly issued by U.S. government agencies, are replete with typos, foreign lexicon and references to non-existent U.S. laws, such as "the United States Of America constitution [*sic*] No. 18 Section 5-12 of 1984 of the Contracts Regulation Acts as amended under the promulgated law No. 12 of 1996[.]" Compl. at 7. And documents, allegedly issued by the United Nations, are emblazoned with the seal of the United States government. *See id.* at 9, 11.